UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| STEVE LUCAS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-349-SEB-WTL |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

This cause is before the Court on the Motion to Dismiss [Docket No. 10] filed by Defendant, the United States of America,[1] pursuant to Federal Rule of Civil Procedure 12(b)(1). Plaintiff, Steve Lucas, brought this suit against the United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671 *et seq.*, seeking damages for injuries he suffered after a United States Postal Service vehicle collided with his vehicle. The United States asserts that we lack subject-matter jurisdiction over this suit because Mr. Lucas failed to exhaust his administrative remedies, as required by the FTCA, prior to filing his complaint. For the reasons detailed in this entry, we GRANT the United States's motion to dismiss.

---

[1] Mr. Lucas's complaint initially named as defendants the United States Postal Service and Christina A. Stewart, the driver of the Postal Service truck which allegedly injured Mr. Lucas. We previously substituted the United States of America as the sole defendant in this case. The parties do not dispute that Ms. Stewart was acting within the scope of her employment when the accident occurred, nor that a civil action arising out of such an incident shall be deemed an action against the United States pursuant to the Federal Employees Liability Reform and Tort Compensation Act. See 28 U.S.C. §§ 2671 et seq., 2679(d); Order Granting Substitution of the United States of America as Sole Defendant [Docket No. 12].

*Factual and Procedural Background*

On March 17, 2005, Mr. Lucas was traveling north in a vehicle on East Pleasant Run Parkway in Indianapolis. Mr. Lucas asserts in his complaint that Christina Stewart, who was driving a United States Postal Service vehicle in the scope of her employment, pulled out in front of him and caused the two vehicles to collide. Mr. Lucas asserts that he suffered property damage and bodily injury as a result of the collision; he also incurred medical expenses and sustained a diminished capacity to work in his chosen field. Compl. ¶¶ 4-6.

On June 15, 2005, Mr. Lucas – through his attorney, David Wood – filed a Standard Form 95 (or "SF-95") claim form with the United States Postal Service Tort Claim Coordinator. Decl. of William Lohrman (USPS Tort Claim Coordinator) ¶ 3; Def.'s Ex. A. The form filed by Mr. Lucas reflects that the basis of his claim was injury to his neck and back. However, Mr. Lucas left blank all boxes in which the form instructed him to record the dollar amount of his claim.[2]

On June 21, 2005, the Postal Service notified Mr. Wood (by letter, sent to his firm) that the SF-95 submitted by Mr. Lucas was "invalid and cannot be given consideration" because it did not contain a "sum certain" damage amount for the claimed injury (nor was any such documentation attached). The letter informed Mr. Wood that, according to the

---

[2] In addition, Mr. Lucas signed the form not in the box labeled "signature of claimant," but above a line labeled "name." The "name" label on the SF-95, near which Mr. Lucas signed the form, appears to designate a box in which the names of any witnesses to the accident may be recorded. It appears that Mr. Lucas misinterpreted the directions on the form by failing to sign in the designated signature box.

FTCA, Mr. Lucas had two years from the date of the accident to file a valid claim; that valid claim submission would be given fair consideration in accordance with the FTCA; and that the Tort Claim Coordinator had no authority to process incomplete claims. Enclosed with the letter were a copy of Mr. Lucas's invalid claim form and a new, blank SF-95. The letter also contained a phone number which Mr. Wood was instructed to call for "further instructions or information." Ex. 1 at 4; Lohrman Decl. ¶ 4. The Postal Service never received any other SF-95 form or its equivalent from Mr. Lucas or his attorney for any damages allegedly arising from the accident. Lohrman Decl. ¶ 5.

On March 15, 2007, Mr. Lucas (again, by his attorney, Mr. Wood) filed a complaint seeking damages under the FTCA for the injuries sustained in the March 17, 2005, accident. The United States now seeks to dismiss Mr. Lucas's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(1), asserting that this court lacks subject-matter jurisdiction due to Mr. Lucas's failure to exhaust his administrative remedies prior to bringing suit.

### *Legal Analysis*

The FTCA "claim presentment rule" prohibits a plaintiffs from filing a suit pursuant to the FTCA without first presenting the claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Claim presentment is a jurisdictional prerequisite to suit. See Wakley v. National Credit Union Admin., 2007 WL 2932015, at *1 (7th Cir. Oct. 9, 2007). As such, a plaintiff's failure to exhaust his or her administrative remedies prior to

bringing suit mandates dismissal of the claim.  See Palay v. United States, 349 F.3d 418, 425 (7th Cir. 2003).  A tort claim must be presented in writing to the appropriate federal agency within two years after the claim accrues.  28 U.S.C. § 2401(b).

According to federal regulations, a claim "shall be deemed to have been presented when a Federal agency receives from a claimant [or his representative] an executed Standard Form 95 or other written notification of an incident, *accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident*[.]" 28 C.F.R. § 14.2(a) (emphasis added).  As we have described, the sum certain requirement is a jurisdictional prerequisite to suit under Section 2675(a).  See, e.g. Murrey v. United States, 73 F.3d 1448, 1451-52 (7th Cir. 1996); Raymond v. United States, 445 F.Supp. 740 (E.D. Mich. 1978).

As Mr. Lucas (through his attorney) was informed by the Tort Claim Coordinator, his SF-95 form was invalid because it failed to provide a sum certain damage amount.[3] Mr. Lucas does not dispute that he did not comply with the claim presentment

---

[3] We note that some courts, including the Seventh Circuit, have articulated that there is some degree of flexibility in the "sum certain" requirement, and that the requirement "need not imply that a precise demand must appear in the initial administrative filing."  Kanar v. United States, 118 F.3d 527, 529 (7th Cir. 1997); see also Ward v. United States, 1 Fed. Appx. 511, 514 (7th Cir. 2001).  However, from our research, it appears that in nearly every case in which flexibility is introduced into the sum certain requirement, the federal government has been put on *some* degree of notice, by way of medical or other documentation, of the approximate dollar amount of the plaintiff's claim, even if that figure is not explicitly designated on the SF-95.  See, e.g., Williams v. United States, 693 F.2d 555 (5th Cir. 1982); Mack v. United States, 414 F.Supp. 504 (E.D. Mich. 1976).  No evidence before us here suggests that the government was put on such notice in Mr. Lucas's case.

requirement; his response states only that, as his medical treatment was not complete, he was "not in a position to make a complete claim pursuant to the [FTCA]." Mr. Lucas goes on to state that he "has every intention to comply with this obligation; however, given his incomplete treatment status, he could not put forth a meaningful claim. Suit was filed to preserve Plaintiff's rights in this matter. Plaintiff is agreeable to 'suspend' this action pending completion of treatment, at which time he could submit a full claim pursuant to the FTCA." Pl.'s Resp. ¶¶ 2-4. However, as the claim presentment requirement is a jurisdictional hurdle, we have no discretion to 'suspend' this action until such time as Mr. Lucas is able to exhaust his administrative remedies (and moreover, the two-year limitations period for doing so had long since elapsed at the time Mr. Lucas's response was filed). See McNeil v. United States, 508 U.S. 106, 113 (1993) (holding that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").

  We feel compelled to express our concern with the quality of Mr. Lucas's legal representation in this matter. It is unclear to us why Mr. Lucas's counsel failed to submit a second SF-95 after being notified of the deficiencies in the initial claim form, before the time for pursuing such administrative remedies had passed. Moreover, the response brief submitted by Mr. Lucas's counsel in response to the government's motion to dismiss – which comprises approximately one-half page, and appears from our docket to have been filed over one month late, without any extensions of time requested or granted – is entirely devoid of legal reasoning or citation, and evinces an incomplete and incorrect

understanding of the FTCA's exhaustion requirement.  Critical to the Supreme Court's reasoning in strictly construing the FTCA exhaustion requirement in <u>McNeil</u> was the assumption that, while "[i]t is no doubt true that there are cases in which a litigant proceeding without counsel may make a fatal procedural error, . . . the risk that a lawyer will be unable to understand the exhaustion requirement is virtually nonexistent."  508 U.S. at 113.  The apparent inattentiveness of Mr. Lucas's attorney has substantially prejudiced his client's interests.

Because the FTCA claim presentment requirement has not been satisfied, thereby depriving this court of jurisdiction over Mr. Lucas's claim, the government's motion to dismiss Mr. Lucas's complaint must be <u>GRANTED</u>.  Final judgment shall enter accordingly.


Date: __01/03/2008_____

*[signature]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Margaret A. Schutte
UNITED STATES ATTORNEY'S OFFICE
margaret.schutte@usdoj.gov

David M. Wood
RASLEY & WOOD
dmwatty@hotmail.com